IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 7:19-cr-00101 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| BENJAMIN CHRISTOPHER TAYLOR | ) | United States District Judge |

**ORDER**

The defendant, Benjamin Christopher Taylor, has filed a motion for review, pursuant to 18 U.S.C. § 3145(b), of United States Magistrate Judge Robert S. Ballou's April 1, 2020 order denying his release from detention pending trial. This motion will be denied.

Taylor is charged with five counts of distribution/possession with the intent to distribute methamphetamine and heroin; one count of unlawful possession of two firearms by a convicted felon; and one count of possession of two firearms in furtherance of drug trafficking. (Dkt. No. 17.) By order signed October 10, 2019, and entered on October 11, 2019, Judge Ballou ordered that Taylor be detained pending trial. In this presumption of detention case, the court found that Taylor did not rebut the presumption and that the government provided clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community. There was strong evidence against Taylor, he is facing a lengthy period of incarceration, he has a significant criminal history, he committed crimes while under supervision, and has a significant history of violating conditions of release. (Dkt Nos. 11, 13.)

On March 25 and 26, 2020, Taylor filed a motion and then an amended motion to reconsider the detention order, citing the concerns for the prison population due to the ongoing pandemic caused by COVID-19. (Dkt. Nos. 36 and 37.) Judge Ballou found that the fear of contracting the disease was not a sufficiently extraordinary condition standing alone to justify

granting Taylor's motion. (Dkt. 40.) Judge Ballou credited the government's argument that the "Western Virginia Regional Jail is vigorously embracing its obligation to provide a safe and secure environment for the inmates in its custody." (*Id.*)

If a person is ordered detained by a magistrate judge, the person "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b). The district court conducts a de novo review of a magistrate judge's detention order. *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). In conducting its de novo review, the court may rely on the record below and is not required to conduct an additional evidentiary hearing. *See United States v. Jackson*, No. 7:19-cr-126, 2016 WL 4689144, at *1 (E.D.N.C. Sept. 25, 2019) ("The court may conduct a further evidentiary hearing if it is necessary or desirable in carrying out the review.") (citing *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985)); *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990) (holding district court has discretion on whether to conduct a further evidentiary hearing). Here, the court finds that no evidentiary hearing is necessary.

Detention should be ordered if the judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Courts consider the following:

- the nature and circumstances of the offense charged;
- the weight of the evidence against the defendant;
- the history and characteristics of the person, including the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and

- the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

*Id.* § 3142(g).

Taylor does not offer any new arguments, relying solely on the arguments rejected by Judge Ballou. (Dkt. No. 37.) Taylor cites the pandemic and the state and national state of emergency declarations. Taylor also discusses how the virus is spread, stating that conditions of pretrial confinement create the ideal environment for the transmission of contagious disease because the cycling of inmates in and out of detention facilities from all over the Commonwealth, and the employees who leave and return daily, without screening. Taylor suggests alternative solutions such as home electronic monitoring, curfew or self-quarantine except for necessary doctor visits or food. If released, Taylor states that he would reside with his sister, a registered nurse at Roanoke Memorial Hospital, and her one-year-old child. He offers no explanation as to how this arrangement would prevent him from engaging in further criminal activity or further violations of conditions.

As the government explained in its response, probation officer Brett Duncan testified at Taylor's original detention hearing that Taylor's probation has been repeatedly revoked for such things as positive drug screens, commission of new felonies, possession of contraband, and absconding from supervision. Taylor is also a self-admitted gang member, he was on active state probation and on bond for a pending probation violation when the crimes with which he is charged were committed, and he was outside the travel boundaries of his bond when he was arrested.

The government also outlines the COVID-19 policies and procedures adopted by the Virginia Department of Corrections and followed by the local jails where federal inmates are housed. It points out that Taylor has not cited to anything other than generalized and speculative

concerns regard the spread of COVID-19 in jails. While the court acknowledges the dangers presented by COVID-19 and the fear about it, there is no evidence in this case that there have been any diagnosed cases in the facility where Taylor is housed, and there is no evidence that he is exposed to, or particularly vulnerable to, a specific danger.

For the above reasons and because the court must make an individualized assessment, the court agrees with Judge Ballou that Taylor's fear or likelihood of contracting COVID-19 does not alter the calculus in reaching the conclusion that no condition or combination of conditions will reasonably assure defendant's appearance and the safety of the community.

Thus, it is HEREBY ORDERED that Taylor's motion for review of the Magistrate Judge's detention order (Dkt. No. 41) is DENIED.

Entered: April 7, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge